## STATE *v.* GEORGE B. HAZARD.

An indictment, charging perjury as committed August 31, 1860, wa  preferred in August, 1863, but was lost in January, 1864; in August, 1864, a second indictment for the same offence was preferred, which also was lost or stolen in November, 1864; and in September, 1865, a third indictment for the same offence was preferred: *Held*, on motion to quash, that neither under the provisions of chapter 222, section 34, of the Revised Statutes, nor the provisions of chapter 487 of the Public Laws, could said third indictment be sustained.

MOTION to quash an indictment, heard and determined under the agreement following :—

"It is agreed that this motion may be tried on the following agreed statement, without further pleadings :—

"August 31st, 1860, George B. Hazard appeared and was sworn in the trial of an indictment against one Matilda McCoy, before the Supreme Court at Newport, and, in the testimony he then and there gave, it is alleged, in the indictment against Hazard, he committed perjury.

"At the August term, 1863, George B. Hazard was indicted in this Court, for said alleged perjury. Afterwards said perjury indictment disappeared from the clerk's office, and has never been found, the clerk first missing it in January, 1864.

"February 16th, 1864, the General Assembly passed chapter 487, to be found in the Public Laws, p. 294.

"At the August term, 1864, of this Court, another indictment was found against the said Hazard, for the same perjuries as alleged in the lost indictment.

"In November, 1864, the perjury indictment last preferred was lost, and has never been found, the clerk's office having been forcibly broken open.

"At the September term, 1865, of this Court, a third indictment was found against the said Hazard, for the same offence as charged in the two indictments lost.

"After the first indictment was lost, and before another was found, the entry of the lost indictment was stricken from the docket, so that only one indictment for perjury was on the docket at the same time.

"The counsel for the defendant contends that the third indictment, which is the one now on the docket, not having been found within three years from the time said perjury is alleged to have been committed, comes within the provisions of section 34 of chapter 222 of the Revised Statutes, and that, therefore, said indictment should be quashed. He contends, also, that chapter 487, passed February 16th, 1864, is an *ex post facto* law in regard to the alleged perjury, and that the second indictment was illegally found, and should have been quashed if it had not been lost, and that the third indictment, though found within a year after the loss of the second, should be quashed, as the second was not a legal indictment.

"The Attorney General contends that the act of February 16th, 1864, was not an *ex post facto* law, and that, as the first indictment was found within three years of the alleged perjury, and the second within a year after the first was lost, and the third was also found within a year after the second was lost, said third indictment is legally found, and should not therefore be quashed.

"It is agreed that the indictments were lost at the times at which they were missed.

"Both sides submit the question of quashing the third in-

dictment, now pending, to the decision of the Court, without argument."

*H. Rogers, Jr., Attorney General, for the State.*

*C. C. Van Zandt, for the defendant.*

BRAYTON, J.  By the agreed statement of facts, it appears that more than three years had elapsed after the commission of the perjury charged in this indictment before the finding by the grand jury.  By the provisions of the Revised Statutes, chapter 222, section 34, limiting the finding of an indictment to three years after the commission of the offence, this indictment would be barred, and no conviction thereon would be warranted or sustained.  It appears also, by the statement of facts, that an indictment for the same offence was found by the grand jury within three years, which, however, was lost, and has never since been found, so that the accused could be put upon his trial thereon.  It appears also, that after the expiration of three years and after the loss of the indictment, the General Assembly passed the following amendment to chapter 222, viz. : "If any indictment, found within the time limited in and by the statute to which this is an amendment, shall be stolen, lost or destroyed before a judgment shall have been rendered thereon, a new indictment may be found for the same offence, at any time within one year after the theft, loss or destruction of the original indictment."  After the passage of this amendment and within one year after the loss of the first indictment, but more than three years after the commission of the crime, a new indictment was found for the same offence.  This second indictment was also lost, and thereupon a third indictment for the same offence was returned by the grand jury, at the September term, 1865, within a year after the loss of the second indictment, but more than one year after the loss of the first.

The Attorney General, admitting that by the provisions of the Revised Statutes, this indictment is invalid and should be quashed, argues that it is made good by the provisions of the amendment before recited, because, as he says, the first indictment was found within the time limited by the original act, the second within one year after the loss of the first, and the third

within one year of the loss of the second. This view is not supported by the language of this enactment. The new indictment authorized to be found is one which shall be found within one year after a prior indictment for the same offence has been lost and within one year after the loss of the original indictment, the original indictment having been found within three years.

This indictment is not found within one year after the loss of the original, nor within one year after the loss of any indictment found within three years after the commission of the offence, and so the finding is not warranted by the amendment.

But if this were not so the indictment cannot be sustained. At the time of the passage of this amendment, the period of limitation for such an indictment had already elapsed, and the indictment found had before then been lost. It is not necessary to consider whether this new enactment could be regarded as *ex post facto* and void, if it had professed to retroact. It does not so profess, but is prospective, providing a remedy for the future.